**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

* * *

| | |
|---|---|
| Yousef Elamri Kadmiri,<br><br>Plaintiff,<br><br>v.<br><br>City of Henderson, et al.,<br><br>Defendants. | Case No. 2:26-cv-00440-JAD-BNW<br>Case No. 2:26-cv-00479-JAD-BNW<br><br>**ORDER and REPORT AND RECOMMENDATION** |

Plaintiff brings suit against several defendants alleging they violated his constitutional rights. Plaintiff submitted the declarations required by 28 U.S.C. § 1915(a) showing an inability to prepay fees and costs or give security for them. His requests to proceed *in forma pauperis* (ECF No. 1) in cases Nos. 26cv479-BNW-JAD and 26cv479-BNW-JAD will, therefore, be granted.

The next step would be for this Court to screen Plaintiff's complaints (ECF No. 1-1) as required by 28 U.S.C. § 1915A(a). But this Court noticed Plaintiff has two nearly identical complaints in cases Nos. 26cv440-BNW-JAD and 26cv479-BNW-JAD. Case No. 26cv440-BNW-JAD involves Plaintiff's claims against the City of Henderson, Henderson Police Department, Henderson Municipal Court, Henderson City Attorney's Office, and Does 1-50 inclusive. Case No. 26cv479-BNW-JAD lists the same Defendants but adds the Henderson Public Defender's Office. The underlying event also appears to be the same with an allegedly unlawful stop at a gas station. The only differences are that: (1) case No. 26cv440-BNW-JAD alleges the public defender's office engaged in misconduct (even though it was not a named Defendant in the case) and that there was an illegal blood draw and (2) case No. 26cv479-BNW-JAD added the Public Defender Office a defendant (but the allegations regarding their misconduct and blood draw were omitted). In addition, the complaint in case No. 26cv479-BNW-JAD added (1) new details to some of the allegations contained in case No. 26cv440-BNW-JAD and (2) allegations regarding an illegal search, unlawful towing and impoundment, and fabricated statements. Thus,

it appears that Plaintiff was attempting to amend his complaint in Case No. 26cv440-BNW-JAD but, instead, filed a new case.

As explained above, this Court must screen his complaint. Given the similarities of these two complaints this Court will dismiss his complaint in case No. 26cv440-BNW-JAD with leave to amend and recommend that the complaint in case No. 26cv479-BNW-JAD be dismissed without leave to amend.

I.      **Instructions for Amendment**

If Plaintiff chooses to amend, the original complaint in case No. 26cv440-BNW-JAD (ECF No. 1-1) will no longer serve any function in this case. As such, if Plaintiff files an amended complaint, each claim *and the involvement of each specific defendant* must be alleged sufficiently. This Court cannot refer to a prior pleading or to other documents to make plaintiff's amended complaint complete. The amended complaint must be complete in and of itself without reference to prior pleadings or to other documents. The amended complaint will be due no later than March 26, 2026. Failure to file an amended complaint by that deadline may result in the dismissal of case No. 26cv440-BNW-JAD.

II.     **CONCLUSION**

- **As to case No. 26cv440-BNW-JAD**:

**IT IS THEREFORE ORDERED** that plaintiff's in forma pauperis application (ECF No. 1) is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's complaint is **DISMISSED** with leave to amend.

**IT FURTHER ORDERED** that the Clerk of Court must detach and separately file Plaintiff's complaint (ECF No. 1-1 in 26cv440-BNW-JAD) on the docket.

**IT IS FURTHER ORDERED** that if Plaintiff wishes to file an amended complaint, he must do so by March 26, 2026. Failure to comply with this order will result in a recommendation that this case be dismissed.

- **As to case No. 26cv479-BNW-JAD**,

**IT IS ORDERED** that Plaintiff's in forma pauperis application (ECF No. 1) is **GRANTED.**

**IT IS RECOMMENDED** that Plaintiff's complaint be dismissed without leave to amend in case No. 26cv479-BNW-JAD but with leave to amend in case No. 26cv440-BNW-JAD.

### NOTICE

This report and recommendation is submitted to the United States district judge assigned to this case under 28 U.S.C. § 636(b)(1).  A party who objects to this report and recommendation may file a written objection supported by points and authorities within fourteen days of being served with this report and recommendation.  Local Rule IB 3-2(a).  Failure to file a timely objection may waive the right to appeal the District Court's Order.  *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991).

DATED: February 26, 2026

_____
BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE